Dick Anthony **HELLER,**
et al., Appellants

v.

**DISTRICT OF COLUMBIA,**
et al., Appellees.

No. 14–7071.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 26, 2016.

Stephen Porter Halbrook, Law Office of Stephen P. Halbrook, Dan Mark Peterson, Dan M. Peterson PLLC, Fairfax, VA, for Appellants.

Loren L. Alikhan, Holly Michelle Johnson, Todd Sunhwae Kim, Office of the Attorney General, District of Columbia Office of the Solicitor General, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge; HENDERSON, ROGERS, TATEL, BROWN, GRIFFITH, KAVANAUGH, SRINIVASAN, MILLETT,* PILLARD, and WILKINS, Circuit Judges.

### *ORDER*

On Petition for Rehearing En Banc

PER CURIAM.

Appellees' petition for rehearing en banc and the response thereto were circulated to the full court, and a vote was requested. Thereafter, a majority of the judges eligible to participate did not vote in favor of

---

\* A statement by Circuit Judge Millett, concurring in the denial of rehearing en banc, is

the petition. Upon consideration of the foregoing, it is

**ORDERED** that the petition be denied.

MILLETT, CIRCUIT JUDGE, concurring in the denial of rehearing en banc.

In response to the District of Columbia's petition for rehearing *en banc*, it bears emphasizing the procedural posture of this case and the shortcomings in the record. The District, as a summary-judgment movant, elected both to face summary judgment, and to fend off Heller's own cross-motion for summary judgment, on a record of the District's own choosing. Given our prior remand order, moreover, the District had a full opportunity to develop a record and come forward with summary-judgment-qualifying evidence to substantiate the difficult policy judgments that it presses on rehearing, and to do so to the degree necessary to survive the intermediate scrutiny that our precedent requires, *see Heller v. District of Columbia*, 670 F.3d 1244, 1252–1253 (D.C.Cir.2011). As the majority opinion explains, with respect to those provisions that this court could not sustain, and especially with respect to the District's testing of knowledge about local firearms laws, the District failed that task. 670 F.3d at 1250–51, 1258–59 & n. 4. In my view, given those omissions in the District's summary judgment record, this case simply does not present the broadside on regulatory authority to promote public safety that the *en banc* petition asserts.